(April 3, 1979)

■ Harold Glantz, Appellant, v Nicholas Scoppetta, Individually and as Commissioner of Investigations of the City of New York, Respondent.— Order, Supreme Court, New York County, entered December 6, 1977, affirmed, without costs. The plaintiff contends that he was defamed by statements in a letter written by the defendant, as Commissioner of Investigations of the City of New York, in reply to an inquiry by another city official with respect to the plaintiff's background. The defendant acted in his official capacity, and therefore, he has a qualified privilege. (Toker v Pollak, 44 NY2d 211.) Accordingly, the burden of showing that the privilege was negated by malicious action is upon the plaintiff. Dismissal of the complaint pursuant to CPLR 3211 (subd [a], par 7) was unwarranted. However, the plaintiff has not shown any triable issues of fact as to malice, and therefore summary judgment dismissing the complaint pursuant to CPLR 3212 was proper. Concur—Murphy, P. J., Kupferman, Sullivan and Markewich, JJ.

■ In the Matter of Ashlan Harlan, Petitioner, v Paul R. Screvane et al., Respondents.—Determination of Off-Track Betting Corporation, dated August 24, 1977, finding petitioner guilty of departmental misconduct and dismissing him from employment, unanimously modified, on the law and in the exercise of discretion, without costs or disbursements, to the extent of reducing the penalty to a suspension, without back pay, terminating 10 days after entry of the order to be entered hereon, and, except, as thus modified, confirmed. Under the circumstances we find that the penalty of permanent revocation was too severe and accordingly reduce the sanction to the extent indicated. We have examined petitioner's other contentions and find that they are without merit. Concur—Murphy, P. J., Kupferman, Sullivan and Markewich, JJ.

■ The People of the State of New York, Respondent, v John Wright, Appellant.—Judgment of conviction, Supreme Court, Bronx County, after jury trial, of robbery, first and second degrees, rendered November 16, 1977, affirmed. The sentence imposed for the weightier count was a minimum of 6⅔ years and a maximum of 20, the minimum being the most severe possible under the applicable statute, section 70.00 (subd 3, par [b]) of the Penal Law. This was translated, concededly incorrectly, into the commitment as six years and nine months, one month over the allowable term. We leave this clerical error to be corrected by administrative action. Concur—Murphy, P. J., Kupferman, Birns and Markewich, JJ.